We're going to now hear the next case on the calendar, Mr. Robbins. It's Rivas-Duran v. Lynch, and no new counsel need to appear. You need not introduce yourself. Thank you. In this particular case, with regards to the petitioner, I believe that there's actually, one of the issues would be the eligibility for a silo, again, as to whether this was in fact an aggravated felony. Then the next issue would actually, again, would possibly be the YL factors as well. Right. Now, this is a case, so let's turn to, I think we're familiar with it. This is a case in which the board actually and the IJ actually did the Frantescu factors. They did, Your Honor. What is our jurisdiction under these circumstances? As I read our case law, I think we are limited to just seeing if they applied the correct legal test, not whether it came out correctly.  That would be, Your Honor. As well as whether, one of the things in this particular case with regards to it being an aggravated felony, in this particular case, I don't believe that there's an actual aggravated felony to begin with. First of all, whether it even, the particularly serious crime even actually applies, especially if it's considered to be an aggravated felony. Well, the plea is to felony assault with a firearm and shooting at an unoccupied vehicle. So aren't those crimes that fall within the statutory definition of an aggravated felony? Well, Your Honor, I don't think that's actually the, in this particular case, I believe the actual is. I'm sorry, we're looking at Garcia. Garcia, you're right. No, let's, I'm sorry, let's take the crimes in this case. What are the crimes? This is a Penal Code 245. Assault with a deadly weapon. With a deadly weapon other than a firearm. Right. And why isn't that an aggravated felony under the list of aggravated felonies in the statute? Well, because. And I apologize for looking at the other list of felonies. Because I believe in this particular case, in order for it to be considered to be an aggravated felony, it would have to be a crime of violence. And in this particular case, it's supposed to be akin to 18 U.S.C. 16A or B, which is, I think, the federal counterpart to this particular crime. And in order for it to be an aggravated felony, it would have to be an intentional crime. In other words, it has to be a specific intent crime. Now, before you go on too far on this one, is this an argument in your briefs? It's not, Your Honor. Okay. I don't believe specifically it's not. Well, then don't. We can't. And was it an argument you made to the BIA? It wasn't. What happened, this is kind of, in the Board of Immigration of Appeals, they had made the argument that the issue of whether it was an aggravated felony was waived in our brief. However, we contended that we didn't waive that issue in our brief. Yeah, but before us, in your briefing on your petition for review, I don't find any argument that the underlying crime doesn't qualify as an aggravated felony. I found lots of argument about why the Frantescu factors were misapplied. It doesn't, but it does address the issue as to his eligibility for asylum. He was found not eligible for asylum because he was convicted of an aggravated felony. But don't you have to at least tell us, put that argument somewhere in your briefs, about why this underlying felony isn't an aggravated felony? We would, Your Honor. However, I think in our particular briefing, I don't know if it's, what we addressed was the fact that we didn't waive that issue. That was really what we argued in our brief, and the fact that we didn't waive the issue as to whether he was not qualified for asylum because of the fact that he was convicted of an aggravated felony. That was how we addressed it, actually, in the brief, because that's how it was stated, actually, in the BIA's decision. And I understand you may not have waived it. I'm sort of sympathetic to your argument that you didn't waive it before the agency. I'm still not sure how, not having waived it, you've made it to us, whether you haven't waived it in front of us. That's my concern, so I'm trying to look in your briefs to see where you're making the argument that you're now making. Well, I don't think I waived it. I think by arguing to the court that we didn't waive the issue and that he is, in fact, eligible for asylum, I think, and the only reason that he wouldn't be eligible for asylum, at least based upon what the Board of Immigration of Appeals stated, was the fact that he was convicted of an aggravated felony. It doesn't have to be a particularly serious crime to bar the asylum claim, right? Right. That's the withholding issue. Right. The particularly serious crime, obviously, yes, the bar to the withholding issue. And they did go through the – they did address the factors. However, to the extent that the factors were addressed adequately, of course, we argue that. But don't we – that's the question I guess I asked you at the beginning. Isn't that where our jurisdiction stops? As long as they applied the correct legal test, we don't get to decide whether they applied it correctly, do we? I think you do. Even in light of the jurisdiction stripping statute? Yeah, I think that if they basically misapplied the statute or did not fully apply the statute, then I think it's an issue for the court to make a determination as to whether they erred or they abused their discretion. But on this record, they applied all seven, I think, of the factors. They may have goofed. They may have messed up. They may have gotten them wrong. It may have been the world's worst decision. But once they apply all seven, doesn't our review end? Well, I don't think that they applied all seven factors in the brief from what I recall. I don't think that all five were actually done. I don't think that they – from what I recall, and excuse me if I'm wrong, is that I don't know if even Francesco was actually mentioned. I did not think that they considered the NAM factors and not necessarily went through all the particular factors of Francesco, I don't think, or YL factors. So because they did not fully address all seven of those factors, I do not believe that it was adequate. Counsel, I wonder if you would like to reserve some of your time for a rebuttal. Yes, I would, Your Honor. Thank you. Whenever you're ready, Mr. Robbins. Good morning again, Your Honors. May it please the Court, Jonathan Robbins here again on behalf of Loretta Lynch, the Attorney General. So we're dealing in this case, of course, with a slightly different section of the statute. We're dealing with California Penal Code Section 245A1. That's assault with a deadly weapon, in this case a screwdriver. As an initial matter, Petitioner was found removable as an alien convicted of an aggravated felony in this case. So Your Honor is correct. The criminal alien bar once again applies. It comes up a little bit differently in this case because the government, in this case, preserved its argument regarding the appropriate application of the criminal alien bar. This Court, obviously, this Court's precedent holds that there is jurisdiction over more than just constitutional and legal claims when the bar applies. This Court has held that it applies to deferral of removal under the CAT. And the government's position is that is not actually a correct reading of the statute. Right. It is precedent, but one of the things that we argue in our brief is that at some point it might be appropriate for the Court to consider this on a full panel. And I would respectfully note that perhaps the time is maybe approaching for that, given that every other circuit now to have considered the issue has come out on the other side, that a member of this Court, Judge Graber, has written at concurrence explaining how the Court has gotten the issue wrong. I think the Solicitor General has just added his name to the fray as well. So there's now a pretty strong weight of authority that perhaps the Court might want to reconsider that issue on a full panel. Let's assume you win this case on other grounds. Okay. Perhaps this then might not be the occasion for us to go and beg to reconsider. The government certainly submits that that is the case, Your Honor. So starting with the asylum issue, Your Honor is right, that issue was not exhausted, and the Court therefore lacks jurisdiction. But I think I could put Your Honor's mind at ease about that issue  that this exact statute, 245A1, is categorically a crime of violence under Title 18, Section 16A. So it doesn't implicate 16B under DeMine, the void for vagueness. I mean, that issue is just flat out foreclosed. It's not under the residual clause. Right. This is flat out a crime of violence, aggravated felony. That's the end of the analysis. It's a categorical thing. Categorically, yes. So that forecloses any arguments in that vein, even if the issue had been exhausted. So that knocks out asylum. Your Honor maybe asked a question about it. I just want to clarify. For asylum purposes, for a particularly serious crime determination, if the criminal offense is an aggravated felony, it's a particularly serious crime for asylum purposes. Right. I was distinguishing between asylum and withholding. So once it's an aggravated felony, we're done with the analysis on the asylum side. Correct.  Correct. And as Your Honor has noted and as Petitioner conceded. I'm getting there on this stuff. As Petitioner conceded, the factors were appropriately used here. And Your Honor is correct. That's where the court's jurisdiction stops. The weighing of the factors and the discretionary factors is a discretionary determination over which the court would lack jurisdiction because the criminal alien bar has been applied. So there's no jurisdiction of withholding claim either. Yes. Well, as I understand Petitioner's argument in the brief, and it wasn't really discussed as an oral argument, it's a little variation of that. And because under the Ninth Circuit precedent, there is discretion to review a merits determination of the withholding if the IJ does not decide the particularly serious crime issue and passes over that issue and says, but even if it isn't a particularly serious crime, you lose on the merits. And the Ninth Circuit said you can review that. That's not clear. It has maybe suggested that in dicta. But I think the exception only applies to deferral of removal under the protection against CAT and not all the way to withholding of removal in the withholding of removal context, which is, again, I don't want to harp on the point too much, but that's why the government feels the court has this issue wrong because now we're sort of seeing this, what we believe to be an incorrect reading of the statute, spreading from deferral of removal. Now it's inching over to withholding of removal in dicta. So it is our position that, no, the court does not have jurisdiction. I understand you don't agree with that, but let's assume that is the state of the precedent in the Ninth Circuit. So in this case it's a little variation of that. The IJ says particularly serious crime, statutorily ineligible. And even if I was wrong about that, you lose on the merits. Now there isn't a case, as far as I can tell, that's exactly on point with that alternative holding. Now I obviously assume you're going to say we don't have jurisdiction, but tell me why when it's an alternative holding like that. Well, first of all, I want to emphasize that those are each independently dispositive findings. So if you agree with the government on no jurisdiction for the particularly serious crime determination, that ends the analysis. There's no need without regard to whether we have jurisdiction to address the other. Correct. Now if you were to exercise jurisdiction to address the alternative merits-based part of the petition, the government would respectfully note that Petitioner has waived that argument in his brief. He has not contested the alternative withholding of removal claim on the merits in his opening brief. So that issue should be deemed abandoned. What about the CAT? Is there a CAT claim in this case? Yeah, there is. And do we have jurisdiction to? Under this Court's precedent, yes. Because it was denied on the merits. Yes. By the BIA. You may not agree with that. Correct. Well, we respectfully reserve that for potentially a full panel at some point. Sure. But, yes, you're correct. I don't want to give the Court too much deja vu, but it's very similar to the previous case where the Petitioner has to show a 51 percent chance of torture. And, again, the Salvadoran government, all the evidence that we see, shows that while it's certainly not a perfect place, nobody would argue that it is, the Salvadoran government isn't consenting or acquiescing to torture.  So if I understand your argument correctly, it's that even under what you consider the Ninth Circuit's mistaken interpretation of our jurisdiction. Respectfully, Your Honor. We should dismiss this petition with regard to the withholding claim. With respect to asylum and withholding of removal with CAT, the Court would have to deny that portion if it were to stick with the current precedent as it is. I was just going to ask the last part. Thank you. So unless there are any further questions from Your Honor, I'll simply thank the Court for its time, and I'll see you again tomorrow. We will know who you are. At least Judge Gould and I will. Yeah, I won't be here. Mr. Ali. Thank you. One of the things that I wanted to address with regards to conceding that the Francesco factors were actually addressed, I did not concede to that. I concede to the fact that there was that finding. However, basically the IJ basically claims that the term imposed is extensive, therefore that means that his crime was particularly serious. He really didn't go through any real analysis, neither the immigration judge or the Board of Immigration Appeals actually went through any real analysis of all the Francesco factors. It was pretty much just based upon the nature of the crime and the term imposed, that was it. And so what I submit to the Court is that based on the fact that those factors were not properly addressed by the Board of Immigration Appeals or the immigration judge, the matter should be remanded so that all of the factors under the YL should be adequately addressed. Does anybody have any other questions for Mr. Ali? Yeah, I don't. Thank you. We thank you. And the case will be submitted. All right, thank you.
judges: Gould, Hurwitz, Melloy